Good morning. My name is Matthew Pinnock. Oh, I'll wait for the councilor for the yes please wait Kelly. You have to swap out it. All right. Miss Fox, you're ready to proceed. I am. Thank you very much. All right. Mr. Phoenix, you may proceed now. Thank you. Good morning. May it please the court. My name is Matthew Pennex and I speak on behalf of Richard Richard Arnold, the petitioner appellant in this case. The question before this court in this appeal is a very narrow one. And ultimately what it is is whether the district court did what this court directed it to do on remand when this court back in 2018 sent Mr. Arnold's case back to the district court for an evidentiary hearing at which the accuser M.A. would be given an opportunity to testify about his recantation. The facts of this case are well known to this court. It was here in 2018. Basically what we need to talk about today is whether this case should go back again once more to the district court for an opportunity for the finder of fact to decide as a matter of fact whether Mr. M.A.'s recantation is credible. This court said back in 2018 that no fact finder had at that time ever had an opportunity to assess and determine the credibility of M.A.'s recantation. And that's because no court, neither state nor federal, had ever passed on that credibility, had ever made a decision about it. So this court sent it back and we had a hearing. We took a lot of evidence. And then at the end of the process, Judge Joseph issued a decision. But it's our position that Judge Joseph jumped making a determination and went directly to the second component of the actual innocence test to assess whether a reasonable juror could still find Mr. Arnold guilty without taking a necessary step in determining the factual predicate as to whether or not M.A. was telling the truth. Mr. Penning, so if I got this straight, I didn't think Schlupp against Dello or our earlier decision required that intermediate step. I thought we were just asking the judge basically to evaluate whether M.A.'s recantation met the Schlupp against Dello standard. You're saying that Judge Joseph should have said by a preponderance of the evidence, I either do believe him or I don't believe him. And then go on to say, but here are the issues with respect to how a jury would evaluate it. Correct, Judge, in this particular case and these unique factual circumstances, is that what Schlupp requires? Schlupp requires the court to do an analysis of the totality of the evidence and make a decision on whether or not a reasonable juror would have doubt as to Mr. Arnold's guilt. She made extensive findings about the testimony that she heard, and it's clear that she found the new information unreliable. She phrased everything, you know, through the lens of the convict in light of the recantation. And I think that is the directive that we gave her. She pointed out all those factors that rendered the recantation unreliable. She considered all the evidence together. I just, I don't know what she didn't do. Judge Robner, the way that I read Judge Joseph's decision is not to assert as a finder of fact, whether she, the finder of fact, found his recantation credible, but rather, whether a This court, in its prior decision, said that the court was to evaluate the credibility, the district court was to evaluate the credibility of the recantation. Nowhere in Judge Joseph's decision does she say as a matter of fact, as a fact finder, I do or do not believe the recantation. And that is the missing element in this case. I understand that Judge Joseph did a comprehensive evaluation of the evidence before her, but she never said as a matter of fact, whether the recantation was or was not credible. And this court, an appellate court, cannot assess under Sloop the actual innocence test because this court is not imbued with the power to find facts. It doesn't have the ability as a fact finder to determine whether M.A. testified credibly at the recantation. Effectively, this case is no different than when it was here in 2018. But for the fact that we have had testimony from M.A., it's still impossible for this court to say whether a fact finder has determined M.A.'s recantation to be credible. And that is why in 2018, this court sent it back to the district court because it had. Mr. Pennex, is it your understanding that the way Schlupp would work in such a case? Could the trier of fact say, in essence, well, you know, it's close. I've considered this evidence and I think I believe the recantation. But at step two, I don't think all jurors would be so I'm going to even though I believe he's innocent, I'm going to deny relief. Is that the path that you think makes available? Yes, I think that it is the responsibility of a finder of fact to make a determination. Can you point us to cases that have followed those two steps in a similar way to say, OK, well, I believe him, but I don't think a juror would need to plead? No, I can't. Frankly, the fact of the matter is that this is a very unique set of circumstances that an actual innocence, as this court, I'm sure is aware, is a rare occurrence anyway. But then even a subset in which the only inculpatory evidence against the defendant is a testimony of a complaining witness makes this case unlike many other cases. But we can tell from the decision itself that it says that there is supposed to be a determination of what the evidence is and then a probabilistic determination of how a reasonable juror would treat that evidence. So we need to know as a threshold matter, what is the evidence? That's what the district court is supposed to sort out. And then once we have that threshold matter of what is the totality of that evidence, make an assessment. In order to then know whether the petitioner can surmount the bar, I think it's important to remember that this is here on an appeal and review of habeas decisions is de novo. And this court cannot by itself say whether it believes or does not believe the recantation. It's not imbued with that power to find facts. But the court needs to know the evidentiary landscape. The evaluation, the district court's evaluation in saying this evidence does not meet the schlup standard. Why didn't you attack that directly? Judge, in my reply brief at the lower court, I specifically called on Judge Joseph to decide this, to determine and tell us the credibility of M.A.'s recantation, and that was not done. The purpose of this appeal is to get an opportunity for the district court to find those facts to allow us to then process the actual evidentiary landscape through the schlup standard. We can't just presume that his recantation is credible. We have to have, that's why we have finders of fact to make these determinations. And the analysis is markedly different if one is to say from a standpoint of a finder of fact that says his recantation is credible. The analysis is remarkably different than if it's we don't know whether he's credible or not, but a juror might not believe him. Is there really a difference do you think between a reasonable judge and a reasonable juror? Well, I do believe sometimes judges get called to be jurors, Judge Ropener, so I think that they're most likely reasonable in both circumstances. But I think as is relevant here, the difference and the distinction is that Judge Joseph was serving as the fact finder, not as a reasonable juror, but as the finder of fact at that evidentiary hearing. I see my time has expired. Thank you. Thank you, counsel. Ms. Potts? May it please the court, my name is Abigail Potts. I represent the respondent here in this case. As we all know, and I'll just say again, this is an actual innocence claim, but in the gateway context. And with that in mind, very simply, the two points I want to make are that the district court did what this court asked and did it correctly and correctly applied and then secondly, I want to just quickly address Mr. Arnold's argument on appeal and why it's inconsistent with Schlupp and where I think the kind of the confusion lies. First off, what the district court did here was exactly what Schlupp requires, which is hold an evidentiary hearing, it was a two day hearing, weigh the reliability of the recantation against the universe of evidence here from the trial and the hearing and make findings about how that reliability, make findings about the reliability of that new evidence and how the recantation might affect a reasonable juror. After the evidentiary hearing in this case, where MA got the chance to air his side of the story in an adversarial setting, just like Schlupp requires, the district court concluded that the new evidence simply was not reliable enough to meet the Schlupp standard. And that's exactly what this court directed the district court to do. In fact, I will just say that the district court expressly stated and found, quote, the timing of the recantation affidavit and MA's lack of initiative in seeking to exonerate his father seriously undermined the reliability of the evidence. Throughout the district court's in this case, the court makes statements like that, that are clearly factual findings about the reliability of the recantation. And the Schlupp standard is not limited to testimony like this, as it applies, for example, to new scientific evidence, new, if there's newly available blood evidence, for example, that can be tested for DNA or the like. It's the same standard across the board, right? Correct. Thank you. And where I think we start to get into the issue in this case is that while the district court, from the state's perspective, did exactly what Schlupp requires of it, the district court did not use the magic words that Mr. Arnold wanted, which are, I find MA not credible. But the fact is that that's not what Schlupp or this court has required when applying Schlupp to these types of cases. Arnold's argument on appeal really comes down to an assertion that certain semantics are required here, magic words, and a parsing out of a credibility finding independent and separate from applying that finding to how it would affect a reasonable juror. And I would submit that that's not what Schlupp requires. What Schlupp requires is for the court to evaluate the reliability of the new evidence and determine how that's going to affect a reasonable juror. There's no requirement that that has to be done separately, that magic words have to be used. When it comes down to it, what I think Arnold's argument on appeal really does is misses the substance of the Schlupp standard. And I think his suggestion is particularly unreasonable in a context such as this, where we have a recantation. In a recantation case, we have one individual, M.A., who has said two completely different things, two competing pieces of testimony. And to say that the district court had to come out and expressly say, I find M.A.'s recantation thumbs up, credible, or thumbs down, not credible, is simply not realistic. And it invites kind of arbitrary and artificial factual determinations. What the district court did here was much more nuanced and precise and consistent with what Schlupp requires, which is a larger evaluation of the overall reliability of this new evidence in the context of all the evidence at trial, at the hearings, and determine whether it meets the Schlupp standard. Is it reliable enough so that no reasonable juror would convict him? And I think the last thing I just want to touch on a little bit is that I think that Arnold's argument, what essentially is the basis of Arnold's argument, is a failure to acknowledge that the district court, in many of its statements, when it's evaluating the universe of facts here, the district court makes statements that include fact and law together. And that's fine. The court still made very clearly assess the reliability of this evidence. The court just did so in a way that phrased it and then immediately applied it to its effect, looked at its effect on a reasonable juror. But the state would submit there's still factual findings there. Yes. Ms. Potts, I'm trying to imagine, maybe you can help me, but is there a case, would there be a case in which recantation evidence could satisfy the Schlupp standard, where you've got the same witness giving two flatly contradictory sworn versions of the same testimony? Can you imagine circumstances where a judge could say, no, I believe this, the recantation is such that the jury would have to believe them? I could imagine it. I don't know of a case where that has happened, Your Honor. I don't have, of the cases I looked at, the cases in this court, I didn't find one. And I think it is rare. And this court very recently, I think it was in 2013, mentioned that recantations are very suspect to that the individual lied at one point. So they undermine themselves to a certain degree. I mean, I was trying to imagine circumstances where there's evidence of coercion, duress for the trial testimony, and that's corroborated by somebody else. Maybe that's what it would take, but it would seem to me to be very rare and difficult. I think it would be rare and difficult. And I think that you would need very different facts than you have here. Kind of to answer your question in the reverse here, the long delay in before the recantation came out, and then the facts that led to the recantation, the evidence of coercion, possible coercion to get the recantation, those are all things that undermine the reliability of the recantation. I think if you had a situation where you had a lot of evidence that was very reasonable, that there are facts about the trial testimony or that the trial testimony was less reliable, I think that all would maybe tip the scales more. But what the district court found here is that MA simply did not give any convincing reason why he delayed so long in recanting and why his recantation came only after the appeal had ended, the state appeal had ended, and only after someone else initiated the recantation. So those things, the court here found it was not, my reading of the district court decision is that it really wasn't that close a call, that this evidence did not, simply is not reliable enough to meet the Schlupp standard and get around and create an equitable exception to the statute of limitations in this case. And we agree, we think the district court actually did a really nice thorough job in this case and applied Schlupp exactly the way it should be applied and that no magic words are needed in that. And that's all I have, unless there's additional questions, I think I will just rest there. Thank you, counsel. Thank you. Thanks to both counsel and the case will be taken under advisement when we move to the... Judge, I'm sorry, I thought I had reserved two minutes. Did I blow through my 10 minutes? You did, but I'll give you another minute. Thank you, Judge. So one thing that I want to point out is this is a case in which the appellate court knows whether M.A.'s recantation was credible. It cannot assess under that probabilistic determination, whether a reasonable juror is going to convict or not, because there's a missing piece. And that piece is still this court, these judges are asking yourselves, do we believe M.A.'s recantation? Should we believe it? Your honors are an appellate court. The district court is the one that finds facts. The district court has to tell your honors, the appellate court, do you believe him? The district court's decision nowhere says, I believe him or I don't. It says repeatedly, a reasonable juror could do blank. That is not identical with the credibility determination and we need one. Thank you, Judge. Yeah. Now, thanks to both counsel and the case is now taken under advisement.